UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Clyde McCoy, *et al.*, | ) | CASE NO. 5:21 CV 51 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| Akron Police Department, *et al.*, | ) | <u>AND ORDER</u> |
| | ) | |
| Defendants. | ) | |

This is a *pro se* action by filed by Plaintiffs Clyde McCoy and Leila Cruz, purportedly on behalf of themselves and their minor children, against the Akron Police Department, Channelwood Village, and Edna Copeland. In their complaint (Doc. No. 1), the Plaintiffs generally allege that they and their children are "members of a protected class due to gender, race, disability and status as victims of family violence under HUD Violence Against Women Act Regulations" and that the Defendants illegally evicted them from federally-subsidized housing in Akron, and otherwise interfered with the custody and care of the minor child, after Defendant Copeland requested the Plaintiffs leave their home in California and move to Akron to care for the children. (*Id*. at 3, ¶ 4.)

The Plaintiffs assert claims under 42 U.S.C. § 1983 and/or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) on behalf of themselves and the minor children for violations of their rights under the Fourteenth Amendment, the "Fair Housing Act, Americans with Disabilities Act, Uniform Child Custody and Enforcement Act, and U.S. Department of Housing and Urban Development regulations." (*Id.* at 1.) They do not request any

specific form of relief.

For the reasons stated below, this action will be dismissed without prejudice.

First, while 28 U.S.C. § 1654 permits individual parties to "plead and conduct their own cases personally," without an attorney, this provision does not authorize a non-attorney to bring suit on behalf of a third person. *See Coleman v. Indymac Venture, LLC*, 966 F. Supp. 2d 759, 769 (W.D. Tenn. 2013) (adopting report & recommendation) ("The federal courts have long held that Section 1654 preserves a party's right to proceed *pro se*, but only on his own claims; only a licensed attorney may represent other persons."). Thus, while a parent may technically bring suit on behalf of a minor child, he or she may not do so *pro se*—that is, the parent can only bring suit on behalf of the minor child through an attorney. *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[P]arents cannot appear pro se on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative."). Accordingly, neither Mr. McCoy nor Ms. Cruz may bring claims on behalf of their minor children unless they are represented by an attorney. Because they are not represented by an attorney at this time, the complaint will be dismissed without prejudice to the extent it is brought on behalf of minor children.

Second, the Plaintiffs did not pay the filing fee in this case, and only Mr. McCoy has submitted an application to proceed *in forma pauperis*. (*See* Doc. No. 2.) The Court takes judicial notice that Ms. Cruz filed a previous action in federal court based on the same subject matter, and the district court issued an order finding that she did not demonstrate the criteria for proceeding *in forma pauperis* and required her to pay the filing fee. *See Cruz v. Akron Police Department, et al.*, Case No. 5: 20 CV 2246 (N. D. Ohio) (dismissed Mar. 4, 2021). In light of the order issued in Ms.

Cruz's prior case, she may not proceed as a plaintiff in this case unless she pays the full filing fee. Accordingly, the complaint in this case will be dismissed without prejudice to the extent it is brought by Ms. Cruz.

Finally, although the Court will grant Mr. McCoy's motion to proceed *in forma pauperis* (Doc. No. 2), the Court must also dismiss the complaint to the extent it is brought by him. Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under §1915(e)(2)(B)). Further, the allegations in the pleading must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

The complaint is written jointly by Mr. McCory and Ms. Cruz as "Plaintiffs," and it is impossible to determine whether and to what extent Mr. McCoy contends the Defendants have violated *his* federal rights. As it is presently written, the complaint fails to set forth allegations sufficient to give the Defendants fair notice of what federal claims Mr. McCoy purports to assert against them on his own behalf and the factual basis for any such claim. Accordingly, the complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) to the extent it is brought by Mr.

McCoy.

## Conclusion

In accordance with the foregoing, it is therefore ORDERED that:

Mr. McCoy's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, and the complaint (Doc. No. 1) is dismissed to the extent it is brought by him pursuant to § 1915(e)(2)(B). The Court will allow Mr. McCoy one opportunity to file an Amended Complaint setting forth any claims he purports to have against the Defendants. Therefore, if Mr. McCoy wishes to proceed with this case on his own behalf, he must file an Amended Complaint within 30 days of the date of this Order setting forth his claims. The Court will review any Amended Complaint that is filed under § 1915(e)(2)(B). If Mr. McCoy fails to file a new complaint within 30 days, this action will be dismissed without further notice.

The complaint is otherwise dismissed in its entirety without prejudice. If Ms. Cruz wishes to proceed with the case, she must first pay the full filing fee of $405.00 and a Motion to Reopen within 30 days of the date of this Order. The Court will not accept a Motion to Reopen or any other filing from Ms. Cruz unless the full filing fee is first paid.

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    S/John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

Date: May 10, 2021